UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONALD MACK BENNETT,

       Plaintiff,

    -v-

OFFICER VACCARO, et al.,

       Defendants.

-------------------------------------------------------x

```
┌──────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: NOV 1 8 2009         │
└──────────────────────────────────┘
```

No.  08 Civ. 4028 (LTS)(MHD)

### ORDER ADOPTING REPORT AND RECOMMENDATION

       Pro se Plaintiff Donald Mack Bennett ("Bennett" or "Plaintiff") brought the above-captioned action asserting claims pursuant to 42 U.S.C. § 1983, against three officers of the New Rochelle Police Department and a civilian C.V.S. employee.  On January 22, 2009, Defendants moved to dismiss the complaint for failure to prosecute.  (Docket entry no. 21.)  On September 25, 2009, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation (the "Report"), recommending that the motion be denied and that Plaintiff be required to comply with certain conditions.  (Docket entry no. 26.)  The Court has not received any objections to the Report.

### BACKGROUND

       Plaintiff has been incarcerated in the Westchester County Jail during much of the time since this action was filed, and is apparently incarcerated there now.  Defendants attempted unsuccessfully to depose Plaintiff on several occasions, and subsequently moved to dismiss the complaint for failure to prosecute.  Judge Dolinger's Report recommends that the motion be denied in light of Plaintiff's incarceration at the time for which the first deposition was noticed, his severe medical problems, Defendants' failure to mail the notice pertaining to a subsequent deposition to

Copies mailed/faxed to _counsel of Record_
Chambers of Judge Swain    11-18-09

the correct address, the relatively short delay caused by Plaintiff's non-appearances, the lack of [significant] prejudice to Defendants as a result of the delay, and Plaintiff's renewed active participation in the litigation. In addition, the Report recommends that Plaintiff be required to advise the Court and Defendants' counsel in writing of his new address within seven days of his release from jail and to provide documentation from a health care provider in connection with any future request to adjourn or extend a deadline based on medical grounds.

## DISCUSSION

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A § 636(b)(1) (West 2006). Where the complaining party makes no timely objections to a report, the Court will review the report and recommendations strictly for clear error. See Johnson v. New York University School of Education, No. 00 Civ. 8117, 2003 WL 21433443, at *1 (S.D.N.Y. Jun. 16, 2003); see also Bryant v. New York State Dep't of Corr. Servs., 146 F. Supp. 2d 422, 424-45 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous").

The Court has not received any objections to the Report from any party in this action. Therefore, the Court applies the clear error standard of review.

The Court has reviewed thoroughly Judge Dolinger's Report and finds no clear error. Accordingly, the Court adopts Judge Dolinger's Report in its entirety.  For the reasons stated in the Report, Defendants' motion is denied.  Plaintiff is directed to provide the Court and Defendants' counsel with his new address within seven days of his release from jail and to include documentation from a health care provider with any request based on medical grounds.  This Order resolves docket entry no. 21.

SO ORDERED.

Dated: New York, New York
        November 16, 2009

LAURA TAYLOR SWAIN
United States District Judge