UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONALD MACK BENNETT,

      Plaintiff,

-v-                               No. 08 Civ. 4028 (LTS)(MHD)

OFFICER VACCARO, et al.,

      Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 18 MAY 2011

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Donald Mack Bennett ("Bennett" or "Plaintiff") brought the above-captioned action asserting claims pursuant to 42 U.S.C. § 1983, against three officers of the New Rochelle Police Department and a civilian C.V.S. employee. The Court subsequently accepted Plaintiff's request that his claims against two of the officers, Michael Vaccaro and Craig Wolf, be withdrawn. (See docket entry nos. 29 and 62.) Judge Dolinger has issued a Report and Recommendation (the Report) recommending, inter alia, that Plaintiff be stripped of his in forma pauperis status and if he does not pay the court filing fee within thirty days that the Court dismiss the remaining claims on the ground that Plaintiff is in violation of the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). (See docket entry no. 63 ("R&R") at 2-5.) Plaintiff filed objections to the Report on April 21, 2011, and Defendants filed an opposition to Plaintiff's objections on April 27, 2011. The Court has considered carefully the Report and the parties' submissions and hereby adopts the Report insofar as it recommends that Plaintiff's in forma pauperis status be revoked and that Plaintiff be ordered to pay the court filing

Copies mailed/faxed to Mr. Bennett
Chambers of Judge Swain    5-18-11

fee within thirty days or face dismissal of the action. The Court holds in abeyance the Report's recommended resolution of the pending motions for summary judgment and for default judgment pending Plaintiff's fee payment or the expiration of the thirty-day period.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691(MJL), 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

Although Plaintiff has filed objections to the Report, Plaintiff does not make any non-conclusory, non-general objections regarding the Report's recommendation that Plaintiff be found to be in violation of the PLRA's three-strikes provision. The Court therefore reviews the Report's recommendation in that respect for clear error. Having reviewed thoroughly Judge

Dolinger's Report, the Court finds no clear error. See Bennett v. Brandeis, No. 10 Civ. 6307, 2011 WL 335260 (S.D.N.Y. Jan. 19, 2011) (dismissing Bennett's lawsuit for violation of the PLRA's three-strikes provision). Accordingly, Plaintiff authorization to proceed in forma pauperis in this action is hereby revoked. This case is dismissed without prejudice to reinstatement if Plaintiff pays the required filing fee within thirty (30) days of this Order.

Defendants' motion for summary judgment (docket entry no. 44) and Plaintiff's motion for default judgment (docket entry no. 61) are terminated without prejudice, and the Clerk of Court is requested to close this case.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
May 17, 2011

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge